NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 29 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-10319 |
| Plaintiff-Appellee, | D.C. No. 4:08-cr-00658-PJH-4 |
| v. | |
| MILLARD P. CHAMBERS, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California, Oakland
Phyllis J. Hamilton, Senior District Judge

Submitted July 26, 2022**
San Francisco, California

Before: M. MURPHY,*** GRABER, and McKEOWN, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Michael R. Murphy, United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

Millard Chambers appeals from the district court's denial of his 18 U.S.C. § 3582(c)(1)(A)(i) motion for compassionate release. This court has jurisdiction pursuant to 28 U.S.C. § 1291. Reviewing for abuse of discretion, *United States v. Keller*, 2 F.4th 1278, 1281 (9th Cir. 2021) (per curiam), we **affirm**.

The district court denied Chambers's motion on alternate grounds. The district court first determined that Chambers's motion failed to establish "extraordinary and compelling reasons" warranting early release. *See* 18 U.S.C. § 3582(c)(1)(A)(i). In addition, the district court concluded that the sentencing factors set out in 18 U.S.C. § 3553(a) did not warrant granting Chambers compassionate release. *See id.* § 3582(c)(1)(A).

This court need not consider whether the district court abused its discretion when it concluded Chambers's motion failed to establish extraordinary and compelling reasons supporting compassionate release because the district court reasonably concluded such release was not consistent with the § 3553(a) sentencing factors. *Cf. Keller*, 2 F.4th at 1284. The district court reasonably concluded, in light of the substantial downward variance it granted to Chambers at his original sentencing proceeding, that any further downward variance resulting from a grant of compassionate release would create unwarranted sentencing disparities and would not afford adequate deterrence to criminal conduct, reflect the seriousness of Chambers's vast drug conspiracy, promote respect for the law,

or provide just punishment for a very serious drug offense. *See* 18 U.S.C. § 3553(a).

**AFFIRMED**.